

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN M. GRIFFITHS and
OCEAN MANAGEMENT SYSTEMS, INC,

                Plaintiffs,

v.

SARATOGA HORSEWORKS LTD.,

                Defendant.

---------------------------------------------------------------------------- x



**Complaint For Patent and Trademark Infringement**

Plaintiffs John M. Griffiths and Ocean Management Systems, Inc., complaining of defendant, allege as follows.

1. Plaintiff John M. Griffiths is a resident of the State of New York, residing in Montgomery, NY and having an office and place of business at plaintiff Ocean Management Systems Inc., P.O. Box 146, Montgomery, NY 12549. Plaintiff Ocean Management Systems, Inc. ("OMS") is a corporation organized and existing under the laws of the State of New York.

2. Upon information and belief defendant Saratoga Horseworks Ltd. (hereinafter sometimes referred to as "Defendant" or "Defendant Saratoga Horseworks") is a corporation organized and existing under the laws of the State of New York, has an office and principal place of business at 57 Edison Street, Amsterdam, NY 12010 and conducts and transacts business within this judicial district.

**Claim I – Patent Infringement**

3. The present claim is for infringement of a patent pursuant to 35 U.S.C. 1114. The court has jurisdiction over the claim pursuant to 28 U.S.C. 1338(a). Venue is proper in this district in accordance with 28 U.S.C. §1400.

4. Plaintiff John Griffiths is the inventor of a new and improved design for a backplate for use with a scuba apparatus, and is the owner of U.S. Design Patent No. D500,545 therefor, issued on January 4, 2005. ("the '545 Patent"). A copy of the '545 Patent is annexed as Exhibit A. The '545 Patent is valid and subsisting.

5. Plaintiff OMS is the exclusive licensee under the '545 Patent, and offers for sale and sells backplates with the patented design to the scuba diving community.

6. The backplates bearing the patented design are used for the mounting of buoyancy compensator devices. Toward that end, the backplates are often sold with a harness that allows the backplate, and thus the device mounted thereon, to be worn by the diver. Defendant Saratoga Horseworks, having alleged skill and knowledge in connection with the manufacture and construction of harnesses, was retained by OMS for the purpose of installing harnesses on OMS backplates having the design of the '545 Patent.

7. Backplates having the design of the '545 Patent were provided to Defendant for installation of harnesses thereon. All backplates provided to Defendant

were the property of OMS, and the business arrangement between OMS and Defendant required all such backplates to be delivered to OMS and not to any third party.

8.  On information and belief, Defendant has failed to return OMS backplates having the design of the '545 Patent to OMS, and has instead offered for sale and sold such backplates to third parties without the authority or permission of plaintiffs.

9.  Plaintiffs demanded the return of all backplates in the possession of Defendant but no such backplates were returned.

10. Plaintiffs have been damaged in an amount not yet ascertained. Plaintiffs have no adequate remedy at law for the continued infringement.

### Claim II – Federal Trademark Infringement

11. This is a claim for trademark infringement, arising under the Lanham Act (15 U.S.C. §1114) as amended. The court has subject matter jurisdiction over the claim under 28 U.S.C. §1331 and §1338(a). Venue is proper in this district in accordance with 28 U.S.C §1391.

12. Plaintiff OMS is the owner of the trademark OMS, registered on the Principal Register of the U.S. Patent and Trademark Office, Reg. No. 2,342,218 ("the '218 Registration"), in connection with a wide range of apparatus and equipment for divers, including canisters and chemical corrosion inhibitors (Class 001); brass and stainless steel hardware, namely O-rings, brackets, rings, shackles, hooks, swivel quick releases, open eyes, snaps and clips, fixed eyes, swivel eyes, triggers, bar slides,

carabineers and quick links (Class 006); underwater sport knives; emergency cutlery tools, namely shears and line cutters (Class 008); nautical and underwater diving articles and equipment, namely scuba diving air cylinders and air tanks; scuba diving air cylinders and air tank bands; valves and manifolds; regulators for use in scuba diving; high pressure and low pressure hoses for use in scuba diving; submersible pressure gauges; dry suit inflation systems consisting of, regulator and low pressure hoses; oxygen analyzers and dive computers for use in preparation for scuba diving; buoyancy compensators and bladders; signaling and emergency devices, namely, whistles, inflatable air bags that signal an individual's position, and dye markers used to signal an individual's position; lift bags and floatation devices used to lift items in water and support a diver; resilient tubing used for strapping and mounting articles underwater; backplates and harness systems for mounting scuba cylinders and other diving equipment to a diver (Class 009); and nautical and underwater diving articles and equipment, namely, sport equipment bags for scuba diving equipment (Class 011).

13. OMS has continuously used the OMS trademark in connection with its goods since at least as early as 1994. OMS's '218 Registration is valid, subsisting and incontestable.

14. The backplates bearing the patented design that were provided to Defendant for harness installation bore the OMS logo thereon.

15. The unauthorized offering for sale and sale of the OMS back plates bearing the OMS mark by Defendant as aforesaid without the authorization or permission of OMS is in and/or affects interstate commerce, and creates a likelihood of

confusion, mistake and deception among the relevant trade and consumers as to the source, origin and approval of such products.

16. Upon information and belief, Defendants were fully aware of OMS's ownership of the OMS mark, and the acts of Defendant were intentional, calculated to confuse and mislead the public into the false belief that the OMS-branded products being offered for sale by Defendant were authorized or approved by OMS when they were not.

17. Plaintiff OMS has been damaged in an amount not yet ascertained but believed to be in excess of $100,000. Plaintiff has no adequate remedy at law.

### Claim III – Federal Unfair Competition

18. This is a claim for federal unfair competition, arising under the Lanham Act (15 U.S.C. §1125) as amended. The court has subject matter jurisdiction over the claim under 28 U.S.C. §1351 and §1338(a). Venue is proper in this district in accordance with 28 U.S.C. §1391.

19. Plaintiffs repeat and re-allege paragraphs 12-16 of this Complaint as if fully set forth herein.

20. Defendant has misappropriated the OMS trademark, and has used the misappropriated trademark in commerce in a manner likely to cause confusion and to mislead as to affiliation, connection, and association between Plaintiff OMS and defendant as to the origin, sponsorship, or approval of Defendant's OMS–labeled goods.

21.  Plaintiff OMS has been damaged in an amount not yet ascertained but believed to be in excess of $100,000. Plaintiff has no adequate remedy at law.

### Claim IV – Common Law Unfair Competition

22.  This is a claim for common law unfair competition, arising under the common law of the State of New York. The court has subject matter jurisdiction over the claim under 28 U.S.C. §1338(b) and the doctrine of pendant jurisdiction. Venue is proper in this district in accordance with 28 U.S.C. §1391.

23.  Plaintiffs repeat and reallege paragraphs 12-16 and 20 of this Complaint as if fully set forth herein.

24.  The acts of Defendant have been without the authorization or permission of OMS, and constitute unfair competition under the law of the State of New York.

25.  Plaintiff OMS has been damaged in an amount not yet ascertained but believed to be in excess of $100,000. Plaintiff has no adequate remedy at law.

**WHEREFORE,** Plaintiffs pray that

1.  The court find Defendant to have infringed the '545 Patent.

2.  The court enjoin Defendant, its agents, officers, employees and attorneys, and all persons in active concert or participation with them, from further infringing the '545 Patent.

6

3. The court award Plaintiff Griffiths his damages resulting from the infringement.

4. The court find that Defendant's acts of patent infringement were intentional, that the present case is therefore an exceptional case under the patent statute, 35 U.S.C. and Plaintiff Griffiths be awarded increased damages and attorneys' fees.

5. The court find Defendant to have infringed the OMS trademark.

6. The court enjoin Defendant, its agents, officers, employees and attorneys, and all persons in active concert or participation with them, from further infringement of the OMS trademark, and Registration No. 2,342,218 by, *inter alia*, offering for sale **and** selling scuba backplates, or any other goods bearing the OMS trademark or any mark confusingly similar thereto, without the authorization or permission of Plaintiff OMS.

7. Defendant account to Plaintiff OMS for its wrongful profits resulting from the trademark infringement and unfair competition.

8. The court find that Defendant's acts of trademark infringement and unfair competition were intentional, and Plaintiff OMS be awarded increased damages and/or wrongful profit and attorneys' fees.

9. Plaintiffs be awarded their costs, and such other and additional relief as just and proper in the circumstances.

*/s/ G. Bondell*
Jay A. Bondell, Esq. (JB 8521)
Schweitzer Cornman Gross & Bondell LLP
Attorneys For Plaintiffs
Ocean Management Systems Inc.
Madison Avenue, 19th Floor
York, NY 10017
Telephone : (646) 424 0770
Facsimile  : (646) 424 0880

Dated: June 14, 2007