IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN M. GRIFFITHS and <br> OCEAN MANAGEMENT SYSTEMS, INC, <br><br> Plaintiffs, <br><br> v. <br><br> SARATOGA HORSEWORKS LTD., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **1:07-cv-05722-BSJ-DCF** <br> ) CM/ECF <br> ) <br> ) <br> ) |

## SARATOGA HORSEWORKS' FIRST SET OF INTERROGATORIES

The Defendant Saratoga Horseworks Ltd. propounds Saratoga Horseworks' First Set of Interrogatories on the Plaintiff Ocean Management Systems, Inc. and the Plaintiff John M. Griffiths.

## DEFINITIONS AND INSTRUCTIONS

The following definitions of terms are provided only for the purpose of giving meaning to these interrogatories and shall not be construed to be a concession of any matter or to be cited for any purpose other than answering these interrogatories. Any difference of opinion on which the Plaintiffs may have with respect to the meaning of these terms in a context other than these interrogatories should not provide grounds for objecting to or failing to properly answer these interrogatories in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure.

A. For the purpose of interrogatories the following definitions shall apply:

1. The terms the "Plaintiff Ocean Management Systems" and "Ocean Management Systems" shall mean the named Plaintiff Ocean Management Systems, Inc., and their present or former parents, holding companies, predecessors, successors, subsidiaries, affiliates, divisions, subdivisions, branches, partners, joint ventures, shareholders, and agents, including any past or present director, officer, employee, representative, agent, attorney, accountant, or consultant thereof.

2. The term "Plaintiffs", or "you" "your" shall mean the Plaintiff Ocean Management Systems, Inc. and the Plaintiff John M. Griffiths jointly.

3. The terms "Defendant" "Defendant Saratoga Horseworks" or "Saratoga Horseworks" shall mean the Defendant Saratoga Horseworks Ltd., and their present or former parents, holding companies, predecessors, successors, subsidiaries, affiliates, divisions, subdivisions, branches, partners, joint ventures, shareholders, and agents, including any past or present director, officer, employee, representative, agent, attorney, accountant, or consultant thereof.

4. The term "person" or "individual" shall include any sole proprietorship, partnership, joint venture, corporation, association, organization, or other entity as well as natural person.

5. The terms, "'545", "'545 Patent" and the like refer to United States Design Patent No. D500,545 for BACKPLATE FOR USE WITH A SCUBA APPARATUS and all patent applications which led to issuance of the patent and all divisional, continuation and continuation-in-part applications of any of the foregoing.

6. The term "OSM trademark" shall mean U.S. Trademark Registration No. 2,342,218.

7. The term "document" or "documents" shall be construed in the most comprehensive and inclusive sense permitted by Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, all handwritten, typed, printed, or otherwise visually or aurally recorded materials, whether originals, copies, non-identical copies, drafts, or translations, within your possession, custody, or control, including, but not limited to, all forms of correspondence such as, by way of example only, letters, cables, wires, telegrams, notes, memoranda, telephone messages, notes of telephone calls and conferences, and interoffice and intra office communications of all types; pictures, drawings, blueprints, flow sheets, sketches, graphs, charts, notebooks, diaries, work papers, mockups, data, operating, production, or maintenance manuals or handbooks, operating and product specifications, and fabrication sheets; displays, photographs, movies, and video and audio recordings; books, catalogs, published materials of any kind, and all other writings; assignments, licenses, contracts, agreements, and all other official papers and legal instruments; annual reports, reports to shareholders, and minutes or reports of meetings of directors, officers, or executive boards or committees; sales, advertising, or promotional brochures, pamphlets or other literature, and press releases; ledgers, bills, invoices, labels, orders, books, records, and files; and microfilms, and other storage means by which information is retained in retrievable form. An original or copy of a document containing thereon or having attached thereto any mark, writing, alteration, note, comment,

or other change not appearing on any other document shall be deemed a separate document and shall be separately produced.

8. The term "thing" or "things" shall be construed in the most comprehensive and inclusive sense permitted by Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, physical articles of every kind and nature that are not "documents", such as, by way of example only, samples, prototypes, models, devices, and all other physical objects or manufactured items.

9. The terms "evidence", "refer to" or "relate to" shall mean pertaining to, mentioning, commenting on, connected with, discussing, describing, analyzing, explaining, showing, reflecting, dealing with, comprising of, consisting of, containing, constituting, resulting from, or recording a particular subject in whole or in part and either directly or indirectly.

10. The term "and" means "or" and vice versa, as necessary to bring within the scope of the interrogatories any document, thing, or other information that might otherwise be construed to be outside the scope of such request.

11. The singular includes the plural and the plural includes the singular, as necessary to bring within the scope of the interrogatories any document, thing or other information that might otherwise be construed to be outside the scope of such interrogatory.

B. Where an interrogatory calls for the identification of a person who is an individual, you shall identify that person by stating his or her:

1. Full name;

2. Present or last known home address and telephone number;

    3. Present or last known business address and telephone number;

    4. Present or last known employer;

    5. Job title or occupation and duties; and

    6. Past or present relationship with you such as, by way of example only, employer-employee, principal-agent, or licensor-licensee, including the nature of such relationship and the dates during which it existed.

C. Where an interrogatory calls for the identification of a person or other entity who is a sole proprietorship, partnership, joint venture, corporation, association, organization, or other entity, you shall identify that person by:

    1. Its full name;

    2. Its place of incorporation or organization;

    3. The present or last known address of its principal place of business and its telephone number;

    4. Its principal business activities; and

    5. Its past or present relationship with you such as, by way of example only, employer-employee, principal-agent, or licensor-licensee, including the nature of such relationship and the dates during which it existed.

D. Where an interrogatory calls for the identification of a document, you shall identify each such document by stating or identifying:

    1. The nature of the document, i.e., whether the document is, for example, a letter or a memorandum;

    2. The title of the document and any identifying code or file number or name of such document;

3. The date appearing on the document or, if not known, the answer so shall state the approximate date the document was prepared;

4. All persons who authored, signed, or otherwise prepared or sent the document;

5. All persons to whom the document was addressed or copied, or who appear on any circulation list associated with the document, or who otherwise received such document;

6. Each present file or location of the document and each copy thereof, and each person charged with the possession, custody, or control of the document and each copy thereof;

7. A brief but meaningful description of the general subject matter of the document; and

8. The number of pages of the document.

E. Where an interrogatory calls for the identification of an oral communication, you shall identify that oral communication by stating or identifying:

1. The manner in which the oral communication was made, e.g., in person or by telephone;

2. The date the oral communication took place;

3. The location(s) where the oral communication took place;

4. Each person who participated in the oral communication;

5. Each person who witnessed, overheard, or otherwise has personal knowledge of the oral communication; and

6. All documents referring or relating to the oral communication.

F.  Where an interrogatory calls for the identification of a patent or patent application, you shall separately identify each such patent or patent application by stating or identifying, where appropriate:

1. Its country of origin;
2. Its patent or application number;
3. Its title;
4. All applicants and assignees of the patent or patent application;
5. All corresponding foreign and U.S. patents and patent application; and
6. Its present status, i.e., whether such patent is expired or in force, or whether such patent application has been filed, abandoned, or is pending.

G.  Where an interrogatory calls for the identification of a product or apparatus, for each such product or apparatus you shall state or identify:

1. All trade or model names and any corresponding names used by Defendant or Plaintiff to refer to the product or apparatus;
2. All product codes or other identification numbers associated with the manufacture or sale of the product or apparatus; and
3. A brief description of the general nature and composition of the product or apparatus.

H.  Where an interrogatory calls for the identification of a process or method, you shall identify:

1. All process steps including process parameters and compounds and apparatus used in such process;

    2. All trade or model names and any corresponding names used by you to refer to the process;

    3. The persons most knowledgeable about such process; and

    4. All documents relating or referring to such process.

I. Where an interrogatory calls for you to describe the circumstances surrounding a particular event, you shall state or identify:

    1. The substance of the event;

    2. When and where the event occurred;

    3. Each person participating in the event and the extent of that person's participation; and

    4. Each document referring or relating to the event.

J. Unless otherwise stated or implicit in the interrogatories (such as a request for the "first" date), each interrogatories shall be interpreted as calling for information covering the period to the date of service of your discovery responses herein.

K. Where an interrogatory seeks the identification or production of documents, things, or other information that are not within your actual or constructive possession, custody, control, or knowledge, you shall so state and shall answer the interrogatories to the extent of your knowledge or belief based on the best information presently available. Where you have knowledge or a belief as to other persons having such possession, custody, control, or knowledge, you shall identify, to the extent known and based on the best information presently available, all such persons, together with a brief summary of the nature of the document, things, or other information believed to be known to such persons.

L. All documents or things requested herein shall be produced in the same file or organizational context as that maintained by you.

M. If you elect to assert either the attorney-client privilege, work-product immunity, or any other claim of privilege or immunity as to any document or thing or any oral communication for which identification or production is called for herein, you shall properly identify each such document or oral communication by stating or identifying, where appropriate:

1. The specific basis of the privilege or immunity being asserted;

2. The nature of the document, i.e., whether the document is, for example, a letter or a memorandum;

3. The title of the document and any identifying code or file number or name of such document;

4. The date appearing on the document or, if not known, the answer so shall state the approximate date the document was prepared;

5. All persons who authored, signed, or otherwise prepared or sent the document;

6. All persons to whom the document was addressed or copied, or who appear on any circulation list associated with the document, or who otherwise received such document, or to whom it was displayed;

7. The present, original, and all intermediate files or locations of the document or thing and each copy thereof, and each person charged with the possession, custody, or control of the document and each copy thereof for each relevant time period;

8. The manner in which the oral communication was made, e.g., in person or by telephone;

9. The date the oral communication took place;

10. The location(s) where the oral communication took place;

11. Each person who participated in the oral communication;

12. Each person who witnessed, overheard, or otherwise has personal knowledge of the oral communication;

13. Each person to whom the substance of such oral communication was subsequently communicated;

14. A brief but meaningful description of the general subject matter of the document or thing, or oral communication in sufficient detail to permit the district court to reach a determination as to production should Plaintiff find it necessary to file a motion to compel under Rule 37 of the Federal Rules of Civil Procedure;

15. The number of pages of the document or approximate length of the oral communication; and

16. The interrogatory, document request, and any subpart thereof to which the document or oral communication is otherwise responsive.

N. These interrogatories shall be supplemented as required by Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify persons, who are most knowledgeable about the allegations in paragraph 4 of the Complaint for Patent and Trademark Infringement.

**INTERROGATORY NO. 2:**

Identify persons, who are most knowledgeable about the allegations in paragraph 5 of the Complaint for Patent and Trademark Infringement.

**INTERROGATORY NO. 3:**

Identify persons, who are most knowledgeable about the allegations in paragraph 6 of the Complaint for Patent and Trademark Infringement.

**INTERROGATORY NO. 4:**

Identify persons, who are most knowledgeable about the allegations in paragraph 7 of the Complaint for Patent and Trademark Infringement.

**INTERROGATORY NO. 5:**

Identify persons, who are most knowledgeable about the allegations in paragraph 8 of the Complaint for Patent and Trademark Infringement.

**INTERROGATORY NO. 6:**

Identify persons, who are most knowledgeable about the allegations in paragraph 9 of the Complaint for Patent and Trademark Infringement.

**INTERROGATORY NO. 7:**

Identify persons, who are most knowledgeable about the allegations in paragraph 10 of the Complaint for Patent and Trademark Infringement.

**INTERROGATORY NO. 8:**

Identify persons, who are most knowledgeable about the allegations in paragraph 12 of the Complaint for Patent and Trademark Infringement.

**INTERROGATORY NO. 9:**

Identify persons, who are most knowledgeable about the allegations in paragraph 13 of the Complaint for Patent and Trademark Infringement.

**INTERROGATORY NO. 10:**

Identify persons, who are most knowledgeable about the allegations in paragraph 14 of the Complaint for Patent and Trademark Infringement.

**INTERROGATORY NO. 11:**

Identify persons, who are most knowledgeable about the allegations in paragraph 15 of the Complaint for Patent and Trademark Infringement.

**INTERROGATORY NO. 12:**

Identify persons, who are most knowledgeable about the allegations in paragraph 16 of the Complaint for Patent and Trademark Infringement.

**INTERROGATORY NO. 13:**

Identify persons, who are most knowledgeable about the allegations in paragraph 17 of the Complaint for Patent and Trademark Infringement.

**INTERROGATORY NO. 14:**

Identify persons, who are most knowledgeable about the allegations in paragraph 20 of the Complaint for Patent and Trademark Infringement.

**INTERROGATORY NO. 15:**

Identify persons, who are most knowledgeable about the allegations in paragraph 21 of the Complaint for Patent and Trademark Infringement.

**INTERROGATORY NO. 16:**

Identify persons, who are most knowledgeable about the allegations in paragraph 24 of the Complaint for Patent and Trademark Infringement.

**INTERROGATORY NO. 17:**

Identify persons, who are most knowledgeable about the allegations in paragraph 25 of the Complaint for Patent and Trademark Infringement.

**INTERROGATORY NO. 18:**

Identify persons, who are most knowledgeable about the sales of backplates at Ocean Management Systems.

**INTERROGATORY NO. 19:**

Identify persons, who are most knowledgeable about the marketing and advertisement of backplates at Ocean Management Systems.

**INTERROGATORY NO. 20:**

To the extent not previously identified, identify persons, who are most knowledgeable of information supporting any allegation in the Complaint for Patent and Trademark Infringement.

Dated: August 19, 2008

Respectfully submitted,

SCHMEISER, OLSEN & WATTS, LLP


By: s/Autondria S. Minor
    Arlen L. Olsen, Esq.
    Autondria S. Minor, Esq. (Bar No. AM1973)
    Attorneys for Defendant
    22 Century Hill Drive, Suite 302
    Latham, New York 12110
    Telephone: (518) 220-1850
    Facsimile: (518) 220-1857
    Email: aolsen@iplawusa.com


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **SARATOGA HORSEWORKS' FIRST SET OF INTERROGATORIES** was served via electronic mail only, on the Plaintiffs' counsel, Jay Bondell, Esq., Schweitzer Cornman Gross & Bondell, 292 Madison Avenue HSBC Center, Buffalo, New York 10017, on this 19th day of August 2008.


    s/Autondria S. Minor
    Autondria S. Minor, Esq.