IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN M. GRIFFITHS and<br>OCEAN MANAGEMENT SYSTEMS, INC,<br><br>  Plaintiffs,<br><br>  v.<br><br>SARATOGA HORSEWORKS LTD.,<br><br>  Defendant. | 1:07-cv-05722-BSJ-DCF<br>CM/ECF |

### SARATOGA HORSEWORKS' REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Defendant Saratoga Horseworks' Ltd. hereby requests that the Plaintiff Ocean Management Systems, Inc. and the Plaintiff John M. Griffiths (jointly referred to as "Plaintiffs"), forward copies of the requested documents to the Defendant's attorneys. The requested discovery should be served within 30 days of the date of service of these document requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

The document requests shall be deemed continuing consistent with the Federal Rules. Any additional documents relating in any way to the subject matter of any of these requests which the Plaintiffs acquire or which become known to the Plaintiffs up to and including the time of trial shall be furnished to the Defendant immediately after such documents are acquired or become known.

For the convenience of the court and the parties, the Defendant requests that each document request be quoted in full immediately preceding the response. If the response to any

1

document request is believed by the Plaintiffs to call for confidential information or trade secrets, it should be so designated and access thereto will be confined to the Defendant's counsel unless further dissemination thereof is authorized by mutual agreement of the parties or by order of the court.

## DEFINITIONS AND INSTRUCTIONS

The following definitions of terms are provided only for the purpose of giving meaning to these discovery requests and shall not be construed to be a concession of any matter or to be cited for any purpose other than answering these discovery requests. Any difference of opinion on which the Plaintiffs may have with respect to the meaning of these terms in a context other than these discovery requests should not provide grounds for objecting to or failing to properly answer these discovery requests in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure.

A. For the purpose of discovery requests the following definitions shall apply:

1. The terms the "Plaintiff Ocean Management Systems" and "Ocean Management Systems" shall mean the named Plaintiff Ocean Management Systems, Inc., and their present or former parents, holding companies, predecessors, successors, subsidiaries, affiliates, divisions, subdivisions, branches, partners, joint ventures, shareholders, and agents, including any past or present director, officer, employee, representative, agent, attorney, accountant, or consultant thereof.

2. The term "Plaintiffs", or "you" "your" shall mean the Plaintiff Ocean Management Systems, Inc. and the Plaintiff John M. Griffiths jointly.

3. The terms "Defendant" "Defendant Saratoga Horseworks" or "Saratoga Horseworks" shall mean the Defendant Saratoga Horseworks Ltd., and their present or former parents,

    holding companies, predecessors, successors, subsidiaries, affiliates, divisions, subdivisions, branches, partners, joint ventures, shareholders, and agents, including any past or present director, officer, employee, representative, agent, attorney, accountant, or consultant thereof.

4. The term "person" or "individual" shall include any sole proprietorship, partnership, joint venture, corporation, association, organization, or other entity as well as natural person.

5. The terms, "'545", "'545 Patent" and the like refer to United States Design Patent No. D500,545 for BACKPLATE FOR USE WITH A SCUBA APPARATUS and all patent applications which led to issuance of the patent and all divisional, continuation and continuation-in-part applications of any of the foregoing.

6. The term "OSM trademark" shall mean U.S. Trademark Registration No. 2,342,218.

7. The term "document" or "documents" shall be construed in the most comprehensive and inclusive sense permitted by Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, all handwritten, typed, printed, or otherwise visually or aurally recorded materials, whether originals, copies, non-identical copies, drafts, or translations, within your possession, custody, or control, including, but not limited to, all forms of correspondence such as, by way of example only, letters, cables, wires, telegrams, notes, memoranda, telephone messages, notes of telephone calls and conferences, and interoffice and intra office communications of all types; pictures, drawings, blueprints, flow sheets, sketches, graphs, charts, notebooks, diaries, work papers, mockups, data, operating, production, or maintenance manuals or handbooks, operating and product specifications, and fabrication sheets; displays, photographs, movies, and video and audio recordings; books, catalogs, published materials of any kind,

and all other writings; assignments, licenses, contracts, agreements, and all other official papers and legal instruments; annual reports, reports to shareholders, and minutes or reports of meetings of directors, officers, or executive boards or committees; sales, advertising, or promotional brochures, pamphlets or other literature, and press releases; ledgers, bills, invoices, labels, orders, books, records, and files; and microfilms, and other storage means by which information is retained in retrievable form.  An original or copy of a document containing thereon or having attached thereto any mark, writing, alteration, note, comment, or other change not appearing on any other document shall be deemed a separate document and shall be separately produced.

8. The term "thing" or "things" shall be construed in the most comprehensive and inclusive sense permitted by Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, physical articles of every kind and nature that are not "documents", such as, by way of example only, samples, prototypes, models, devices, and all other physical objects or manufactured items.

9. The terms "evidence", "refer to" or "relate to" shall mean pertaining to, mentioning, commenting on, connected with, discussing, describing, analyzing, explaining, showing, reflecting, dealing with, comprising of, consisting of, containing, constituting, resulting from, or recording a particular subject in whole or in part and either directly or indirectly.

10. The term "and" means "or" and vice versa, as necessary to bring within the scope of the discovery request any document, thing, or other information that might otherwise be construed to be outside the scope of such request.

11. The singular includes the plural and the plural includes the singular, as necessary to bring within the scope of the discovery request any document, thing or other information that might otherwise be construed to be outside the scope of such request.

B. Where a discovery request calls for the identification of a person who is an individual, you shall identify that person by stating his or her:

1. Full name;

2. Present or last known home address and telephone number;

3. Present or last known business address and telephone number;

4. Present or last known employer;

5. Job title or occupation and duties; and

6. Past or present relationship with you such as, by way of example only, employer-employee, principal-agent, or licensor-licensee, including the nature of such relationship and the dates during which it existed.

C. Where a discovery request calls for the identification of a person or other entity who is a sole proprietorship, partnership, joint venture, corporation, association, organization, or other entity, you shall identify that person by:

1. Its full name;

2. Its place of incorporation or organization;

3. The present or last known address of its principal place of business and its telephone number;

4. Its principal business activities; and

5. Its past or present relationship with you such as, by way of example only, employer-employee, principal-agent, or licensor-licensee, including the nature of such relationship and the dates during which it existed.

D. Where a discovery request calls for the identification of a document, you shall identify each such document by stating or identifying:

1. The nature of the document, i.e., whether the document is, for example, a letter or a memorandum;

2. The title of the document and any identifying code or file number or name of such document;

3. The date appearing on the document or, if not known, the answer so shall state the approximate date the document was prepared;

4. All persons who authored, signed, or otherwise prepared or sent the document;

5. All persons to whom the document was addressed or copied, or who appear on any circulation list associated with the document, or who otherwise received such document;

6. Each present file or location of the document and each copy thereof, and each person charged with the possession, custody, or control of the document and each copy thereof;

7. A brief but meaningful description of the general subject matter of the document; and

8. The number of pages of the document.

E. Where a discovery request calls for the identification of an oral communication, you shall identify that oral communication by stating or identifying:

1. The manner in which the oral communication was made, e.g., in person or by telephone;

2. The date the oral communication took place;

3. The location(s) where the oral communication took place;

6

    4. Each person who participated in the oral communication;

    5. Each person who witnessed, overheard, or otherwise has personal knowledge of the oral communication; and

    6. All documents referring or relating to the oral communication.

F. Where a discovery request calls for the identification of a patent or patent application, you shall separately identify each such patent or patent application by stating or identifying, where appropriate:

    1. Its country of origin;

    2. Its patent or application number;

    3. Its title;

    4. All applicants and assignees of the patent or patent application;

    5. All corresponding foreign and U.S. patents and patent application; and

    6. Its present status, *i.e.*, whether such patent is expired or in force, or whether such patent application has been filed, abandoned, or is pending.

G. Where a discovery request calls for the identification of a product or apparatus, for each such product or apparatus you shall state or identify:

    1. All trade or model names and any corresponding names used by Defendant or Plaintiff to refer to the product or apparatus;

    2. All product codes or other identification numbers associated with the manufacture or sale of the product or apparatus; and

    3. A brief description of the general nature and composition of the product or apparatus.

H. Where a discovery request calls for the identification of a process or method, you shall identify:

1. All process steps including process parameters and compounds and apparatus used in such process;
2. All trade or model names and any corresponding names used by you to refer to the process;
3. The persons most knowledgeable about such process; and
4. All documents relating or referring to such process.

I. Where a discovery request calls for you to describe the circumstances surrounding a particular event, you shall state or identify:

1. The substance of the event;
2. When and where the event occurred;
3. Each person participating in the event and the extent of that person's participation; and
4. Each document referring or relating to the event.

J. Unless otherwise stated or implicit in the discovery request (such as a request for the "first" date), each discovery request shall be interpreted as calling for information covering the period to the date of service of your discovery responses herein.

K. Where a discovery request seeks the identification or production of documents, things, or other information that are not within your actual or constructive possession, custody, control, or knowledge, you shall so state and shall answer the discovery request to the extent of your knowledge or belief based on the best information presently available. Where you have knowledge or a belief as to other persons having such possession, custody, control, or knowledge, you shall identify, to the extent known and based on the best information presently available, all such persons, together with a brief summary of the nature of the document, things, or other information believed to be known to such persons.

L. All documents or things requested herein shall be produced in the same file or organizational context as that maintained by you.

M. If you elect to assert either the attorney-client privilege, work-product immunity, or any other claim of privilege or immunity as to any document or thing or any oral communication for which identification or production is called for herein, you shall properly identify each such document or oral communication by stating or identifying, where appropriate:

1. The specific basis of the privilege or immunity being asserted;

2. The nature of the document, i.e., whether the document is, for example, a letter or a memorandum;

3. The title of the document and any identifying code or file number or name of such document;

4. The date appearing on the document or, if not known, the answer so shall state the approximate date the document was prepared;

5. All persons who authored, signed, or otherwise prepared or sent the document;

6. All persons to whom the document was addressed or copied, or who appear on any circulation list associated with the document, or who otherwise received such document, or to whom it was displayed;

7. The present, original, and all intermediate files or locations of the document or thing and each copy thereof, and each person charged with the possession, custody, or control of the document and each copy thereof for each relevant time period;

8. The manner in which the oral communication was made, e.g., in person or by telephone;

9. The date the oral communication took place;

10. The location(s) where the oral communication took place;

11. Each person who participated in the oral communication;

12. Each person who witnessed, overheard, or otherwise has personal knowledge of the oral communication;

13. Each person to whom the substance of such oral communication was subsequently communicated;

14. A brief but meaningful description of the general subject matter of the document or thing, or oral communication in sufficient detail to permit the district court to reach a determination as to production should Plaintiff find it necessary to file a motion to compel under Rule 37 of the Federal Rules of Civil Procedure;

15. The number of pages of the document or approximate length of the oral communication; and

16. The interrogatory, document request, and any subpart thereof to which the document or oral communication is otherwise responsive.

N. These discovery requests shall be supplemented as required by Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 1:**

The Defendant requests that the Plaintiffs provide documents sufficient to evidence the Plaintiff Ocean Management Systems is the exclusive licensee under the '545 Patent.

**REQUEST FOR PRODUCTION NO. 2:**

The Defendant requests that the Plaintiffs provide all documents and things that evidence the retaining of the Defendant by the Plaintiff Ocean Management Systems for the purpose of installing harnesses on the back plate of the Plaintiff Ocean Management Systems.

**REQUEST FOR PRODUCTION NO. 3:**

The Defendant requests that the Plaintiffs provide all documents and things, evidencing the Plaintiffs' sale of backplates and/or harnesses.

**REQUEST FOR PRODUCTION NO. 4:**

The Defendant requests that the Plaintiffs provide all documents and things, evidencing the annual sales, unit sales, price and/or revenues of the Plaintiffs' backplates, covered by the '545 Patent.

**REQUEST FOR PRODUCTION NO. 5:**

The Defendant requests that the Plaintiffs provide all document and things, evidencing the total costs, fixed costs and/or variable cost for the Plaintiffs' backplates, covered by the '545 Patent.

**REQUEST FOR PRODUCTION NO. 6:**

The Defendant requests that the Plaintiffs provide all documents and things, evidencing the Plaintiffs demanded return of all backplates in the possession of the Defendant.

**REQUEST FOR PRODUCTION NO. 7:**

The Defendant requests that the Plaintiffs provide all documents and things, evidencing the Plaintiffs were unable to show in the Supreme Court of the State of New York County of Monroe how many backplates were in the Defendant's possession.

**REQUEST FOR PRODUCTION NO. 8**

The Defendant requests that the Plaintiffs provide all documents and things, evidencing the Supreme Court of the State of New York County of Monroe has considered the number of backplates in possession of the Defendant and such a decision is res judicata against the Plaintiffs.

**REQUEST FOR PRODUCTION NO. 9:**

The Defendant requests that the Plaintiffs provide all documents and things, evidencing the Defendant has offered for sale or sold backplates, bearing the '545 Patent, to third parties.

**REQUEST FOR PRODUCTION NO. 10:**

The Defendant requests that the Plaintiffs provide all documents and things, evidencing the Plaintiffs failed to pay for harnesses, prepared by the Defendant in breach of contract.

**REQUEST FOR PRODUCTION NO. 11:**

The Defendant requests that the Plaintiffs provide all documents and things, evidencing the business arrangement between the Plaintiff Ocean Management Systems and the Defendant required all such backplates to be delivered to the Plaintiff Ocean Management Systems and not to any third party.

**REQUEST FOR PRODUCTION NO. 12:**

The Defendant requests that the Plaintiffs provide all documents and things, evidencing the Plaintiffs accounting practices for sale of backplates.

**REQUEST FOR PRODUCTION NO. 13:**

Defendant requests that the Plaintiffs provide all documents and things, evidencing any damages or injuries, lost sales and/or lost profits, incurred by the Plaintiffs as a result of alleged patent infringement.

**REQUEST FOR PRODUCTION NO. 14:**

Defendant requests that the Plaintiffs provide all documents and things, evidencing notice to the Defendant of the '545 Patent.

**REQUEST FOR PRODUCTION NO. 15:**

Defendant requests that the Plaintiffs provide all documents and things, evidencing marking of the word "patent" or abbreviation "pat." along with the patent number D500,545 on the Plaintiffs' backplates, provided to the Defendant.

**REQUEST FOR PRODUCTION NO. 16:**

To the extent not previously provided, the Defendant requests all documents and things, evidencing the Defendant's acts constitute patent infringement.

**REQUEST FOR PRODUCTION NO. 17:**

The Defendant requests that the Plaintiffs provide all documents and things, evidencing the Plaintiff Ocean Management Systems is the owner of the OSM trademark.

**REQUEST FOR PRODUCTION NO. 18:**

The Defendant requests that the Plaintiffs provide all documents and things, evidencing the backplates provided to the Defendant for installation bore:

    a. The patent design; and

    b. The OSM logo

**REQUEST FOR PRODUCTION NO. 19:**

The Defendant requests that the Plaintiffs provide all documents and things, evidencing the unauthorized offering for sale and sale of the backplates bearing the OSM trademark by the Defendant.

**REQUEST FOR PRODUCTION NO. 20:**

The Defendant requests that the Plaintiffs provide all documents and things, evidencing the unauthorized offering for sale and sale of the backplates, bearing the OSM trademark by the Defendant, affect interstate commerce and create a likelihood of confusion, mistake and deception among the relevant trade and consumers as to the source, origin and approval of such products.

**REQUEST FOR PRODUCTION NO. 21:**

The Defendant requests that the Plaintiffs provide all documents and things, evidencing the Defendant was "fully aware" of Ocean Management Systems' ownership of the OSM trademark.

**REQUEST FOR PRODUCTION NO. 22:**

The Defendant requests that the Plaintiffs provide all documents and things, evidencing the acts of the "Defendant were intentional, calculated to confuse and mislead the public into the false belief that the OSM-branded products being offered for sale by" the "Defendant were authorized by" the Plaintiff Ocean Management Systems.

**REQUEST FOR PRODUCTION NO. 23:**

Defendant requests that the Plaintiffs provide all documents and things, evidencing any damages or injuries, lost sales and/or lost profits, incurred by the Plaintiffs as a result of alleged federal trademark infringement.

**REQUEST FOR PRODUCTION NO. 24:**

Defendant requests that the Plaintiffs provide all documents and things, evidencing notice to the Defendant of the OSM trademark.

**REQUEST FOR PRODUCTION NO. 25:**

Defendant requests that the Plaintiffs provide all documents and things, evidencing placing of the symbol "®" on the Plaintiffs' backplates, provided to the Defendant.

**REQUEST FOR PRODUCTION NO. 26:**

To the extent not previously provided, the Defendant requests all documents and things, evidencing the Defendant's acts constitute federal trademark infringement.

**REQUEST FOR PRODUCTION NO. 27:**

The Defendant requests that the Plaintiffs provide all documents and things, evidencing the Defendant misappropriated the OMS trademark.

**REQUEST FOR PRODUCTION NO. 28:**

The Defendant requests that the Plaintiffs provide all documents and things, evidencing the Defendant has used the misappropriated OSM trademark "in commerce in a manner likely to cause confusion and to mislead as to affiliation, connection, and association between" the Plaintiff Ocean Management Systems and the Defendant "as to origin, sponsorship or approval of" the Defendant's "OSM-labeled goods."

**REQUEST FOR PRODUCTION NO. 29:**

Defendant requests that the Plaintiffs provide all documents and things, evidencing any damages or injuries, lost sales and/or lost profits, incurred by the Plaintiffs as a result of alleged federal unfair competition law.

**REQUEST FOR PRODUCTION NO. 30:**

To the extent not previously provided, the Defendant requests all documents and things, evidencing the Defendant's acts constitute federal unfair competition.

**REQUEST FOR PRODUCTION NO. 31:**

The Defendant requests that the Plaintiffs provide all documents and things, evidencing the Defendant's acts constitute unfair competition under the law of the State of New York.

**REQUEST FOR PRODUCTION NO. 32:**

Defendant requests that Plaintiffs provide all documents and things, evidencing any damages or injuries, lost sales and/or lost profits, incurred by the Plaintiffs as a result of alleged unfair competition under the law of the State of New York.

**REQUEST FOR PRODUCTION NO. 33:**

To the extent not previously produced, all documents and things, supporting any allegation of the Complaint for Patent and Trademark Infringement.

**REQUEST FOR PRODUCTION NO. 34:**

Representative samples of advertisements, including sales literature, trade publications, promotional materials, brochures and ledgers, which advertise the Plaintiffs' backplates covered by the '545 Patent.

**REQUEST FOR PRODUCTION NO. 35:**

All documents and things that refer to or evidence information tending to refute for any allegations or defenses of the Defendant's Answer.

**REQUEST FOR PRODUCTION NO. 36:**

Representative sample of documents and things that refer to or evidence Personnel organization charts, lists, or other documents showing the identities or organization of any

individuals, who have participated in the design, development, testing, marketing, manufacture and/or sale of the Plaintiff's backplates, covered by the '545 Patent.

**REQUEST FOR PRODUCTION NO. 37:**

All document and things that refer to or evidence contracts and/or agreements, including insurance agreements and indemnity agreements, under which any person may be liable to satisfy, in whole or in part, a judgment in this action.

Dated: August 19, 2008

                              Respectfully submitted,

                              SCHMEISER, OLSEN & WATTS, LLP

                              By:  s/Autondria S. Minor
                                  Arlen L. Olsen, Esq.
                                  Autondria S. Minor, Esq. (Bar No. AM1973)
                                  Attorneys for Defendant
                                  22 Century Hill Drive, Suite 302
                                  Latham, New York 12110
                                  Telephone: (518) 220-1850
                                  Facsimile: (518) 220-1857
                                  Email: aolsen@iplawusa.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **SARATOGA HORSEWORKS' REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** was served via electronic mail only, on the Plaintiffs' counsel, Jay Bondell, Esq., Schweitzer Cornman Gross & Bondell, 292 Madison Avenue HSBC Center, Buffalo, New York 10017, on this 19th day of August 2008.

                                          s/Autondria S. Minor
                                          Autondria S. Minor, Esq.